IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

CHRISTOPHER M. DAVIES, )
)
    Plaintiff, ) No. 10-116 EJM
)
vs. ) ORDER
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability and supplemental security income benefits. Briefing concluded on March 26, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of August 31, 2007, plaintiff alleges disability due to multiple impairments. He asserts the Administrative Law Judge (ALJ) failed to give appropriate weight to the views of treating physicians Sagers and Tuetken, failed to adequately assess his need for periodic absences, and failed to fully and fairly develop the record. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include osteoarthritis/degenerative arthritis of the knee, gout, psoriatric arthritis, and obesity, but found plaintiff able to engage in substantial gainful activity.

Upon review of the record as a whole, it appears the treating physicians noted frequent flares of plaintiff's gout, accompanied by severe pain, that during flares/attacks his ability to function is severely limited, and that his condition is very resistant to treatment. See T. 329-330, 338. Treating physician Dr. Sagers observed that pain management prevented plaintiff's return to work, T. 285, and treating specialist Dr. Tuetken similarly noted that plaintiff was not released to work. T. 316, 342. It is the court's view that the ALJ erred in not affording appropriate weight to the views of the treating physicians, and not assessing the duration and frequency of absences from work as a result of the condition. Accordingly, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole.

This matter shall be reversed and remanded for further consideration in light of the above, with re-assessment of residual functional capacity including duration and frequency of absences from work.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

June 20, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT